1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—TRUST TO PAY FUNERAL EXPENSES —VALIDITY.

Where a person gives a check to another for a certain sum, with directions and under an agreement that after her death so much of the sum as may be necessary shall be expended for funeral expenses, inclosing a burial plot, and a suitable headstone, a valid trust is created, and the executrix of the estate of such person is not chargeable with the sums so expended by the trustee, but she is liable for the unexpended balance to which the trustee makes no claim, and which he is willing to pay over to the estate.

2. SAME—COMMISSIONS AND COSTS.

Where an executrix is grossly delinquent in the administration of the estate, and there is no pretense of compliance with the plainest requirements of the statute, she is not entitled to any commissions, and is personally chargeable with the costs of the proceedings in settlement of her account.

Proceeding for the judicial settlement of the account of Mary Leddy, executrix of the estate of Ellen Conklin, deceased.

Robert O'Byrne, for executrix.   Booraem, Hamilton & Beckett, for contestant, Mary A. Walsh.

RANSOM, S.   The report of the referee is confirmed, except as appears to the contrary, in the following:   In May, 1888, the decedent, upon the suggestion of her husband and Monsignor Farley, gave the latter an order on the savings bank for $1,000, to be expended by him to meet the expenses attending her death, to pay funeral expenses, and for inclosing her burial plot, and for a suitable headstone.   In pursuance of this direction, the sum of $1,000 was drawn from the bank, and subsequently the interest on that amount, $17.50.   The decedent told Monsignor Farley that if any balance remained he could do with it as he pleased.   Forty-five dollars was expended by him before her death, and the following payments made by him thereafter:   For funeral expenses, $10; to Rohan Bros. for tablet and lettering, and inclosing plot and sodding same, $664.44; to Thomas Boylston, funeral expenses, $214.50; and $10 to a clergyman to say masses.   The executrix admits that she never made any effort to collect this part of the estate, and that she did not authorize the expenditures.   The referee has charged the account of the executrix with the sums paid out by Monsignor Farley since decedent's death. This is error.   The trust created in the lifetime of the decedent was undoubtedly valid.   As was said in Gilman v. McArdle, 99 N. Y. 460, 2 N. E. Rep. 464, "there certainly can be no legal objection to a person contracting in his lifetime for his funeral, his coffin, and his monument,   *   *   *   and paying for them in advance; and, if so, what reason can there be for denying him the power for paying a sum of money to a third person on his agreement to procure those things?"   In the case at bar the intention of the testatrix was that, upon the agreement of Monsignor Farley to carry out her wishes regarding her funeral and burial plot, etc., he should receive $1,000, and expend the entire sum if necessary.   If this had not been her intention, she

would not have said that he could do what he pleased with any balance there might be, but, on the contrary, would have restricted the expenditures, and directed him to draw a lesser sum from the bank. It is evident she contemplated the application of the entire amount, if necessary, in the trustee's discretion. In view of the fact that Monsignor Farley lays no claim to the unexpended balance, and is willing to turn it over, I think it is the duty of the executrix to make it an asset of the estate, and her account should be charged with the amount. The executrix should be charged with the amount received by her as executrix, but credited, however, with the amount of the legacies paid by her, as the same must be abated in consequence of the insufficiency of the estate to pay the same in full. The conduct of the executrix is reprehensible. The language used by the surrogate in *Re Harnett*, 15 N. Y. St. Rep. 725, is applicable to this case, and will be incorporated and become a part of the decision: "The executrix has been grossly delinquent in her administration of this estate. There has been no pretense on her part or behalf of compliance with the plainest requirements of the statute. * * * It is clear, on the evidence, that she is an ignorant woman, and has been absolutely dependent upon her attorney for advice and direction in regard to the most simple details of her duties as executrix. * * * In cases such as this it is the duty of the court to vigorously condemn such palpable negligence, and to visit upon the delinquent such reproof and penalty as the wholesome administration of justice and the rights of those to whom the estate belongs demands." In this case the executrix ought not to be allowed any commissions, and the entire costs of this proceeding should be charged against her personally.